BRUNOT, J.
 

 The accused was charged with “shooting with intent to murder.” He was tried and found guilty of shooting with intent to kill. The jury recommended a suspension of sentence, but the judge, iñ his discretion, sentenced accused to not less than 30 months nor more than 36 months at hard labor in the state penitentiary. From this verdict and sentence, the defendant has appealed. Counsel for defendant has not filed a brief in this court, nor urged here any grounds for a reversal of the verdict and sentence.
 

 Two bills of exception are found in the record:
 

 Bill No. 1 was reserved to a ruling, excluding a letter written by the prosecuting witness to the wife of the defendant. The letter is merely a passionate love epistle. It makes no reference to defendant, and it contains no threats of any kind. Counsel for the defendant offered it for the purpose of showing threats against the accused, and as a basis for the plea of self-defense. The record shows that the defendant was not aware of the existence of the letter until after the attempted homicide, and that the prosecuting witness did not, at any time, make an overt act or hostile demonstration towards the accused. Under these circumstances, if the writer of the letter had actually threatened the defendant therein, it would not have been admissible in evidence.
 

 Bill No. 2 was reserved to a statement of the judge made in his ruling, excluding certain testimony offered by the accused for the purpose of showing that, prior to the shooting, the prosecuting witness had made threats against the accused. Counsel for accused did not object to the exclusion of the proffered testimony, but he objects to the following statement of the judge, made in the presence of the jury, in his ruling on the district attorney’s objection to the testimony:
 

 “Until'an overt act or hostile demonstration on the part of the prosecuting witness is shown, evidence of threats is not admissible.”
 

 Counsel for accused contends that in this ruling the court has commented upon the facts, and therefore the verdict and sentence should be avoided. If we adopt that view, it would require but another step to convert this court into a clearing house for the state penitentiary. The contention is so utterly without merit that we consider it a waste of time to treat it seriously.
 

 For these reasons the verdict and sentence are affirmed.